E-FILED
Monday, 22 August, 2005  12:04:18 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

```
PAUL D. WILLIAMS,              )
                               )
        Plaintiff,             )
                               )
    v.                         )    Case No. 05-1033
                               )
ROGER J. AIKEN,                )
                               )
        Defendant.             )
```

## OPINION

Before the Court is Defendant's Motion for Ruling on Qualified Immunity Defense [Doc. # 10]. Defendant previously moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6). The Court denied that motion, however, the Court inadvertently omitted a ruling on Defendant's qualified immunity defense. For the reasons that follow, the Court now finds that Defendant is entitled to qualified immunity.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Whether or not an official's conduct violates clearly established law is a two-step inquiry. "First, the plaintiff must show that the law was clearly established when the challenged conduct occurred. In this Circuit, we ask 'whether the law was clear in relation to the specific facts confronting the public official when he or she acted.' Second, we evaluate the objective legal reasonableness of the defendants' conduct. We inquire whether reasonably competent officials would agree on the application of the clearly established

right to a given set of facts." Biddle v. Martin, 992 F.2d 673, 675 (7th Cir. 1993) (quoting Apostol v. Landau, 957 F.2d 339, 341 (7th Cir. 1992)).

The Court previously found that Plaintiff had sufficiently pled a protected property interest in being promoted to the rank of Lieutenant. However, in so finding, the Court recognized that "this genre of property interests is an open issue in our circuit and was passed over by the appellate court in Hermes v. Hein, 742 F.2d 350, 355 (7th Cir. 1984)." Accordingly, the Court finds that the law governing this case was not clearly established at the time Plaintiff was passed over for a promotion. While this finding precludes Plaintiff from seeking damages, it does not preclude Plaintiff's request for injunctive relief.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. # 10] is GRANTED. Plaintiffs claims for monetary damages are dismissed.

ENTERED this __22nd__ day of August, 2005.

                                                           s/ Joe B. McDade
                                                       JOE BILLY McDADE
                            United States District Judge