UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Paul D. Williams, | ) | |
|       Plaintiff | ) | |
| | ) | |
| | ) | Case No. 05-1033 |
| | ) | |
| Roger J. Aikin, | ) | |
|       Defendant | ) | |

**ORDER**

Now before the court is the Plaintiff's Motion to Compel (#22) and the Plaintiff's Motion for Leave to File *instanter* a reply brief (#24). For the following reasons, the Motion for Leave to File is granted and the Motion to Compel is granted in part and denied in part.

The Motion for Leave to File a reply is granted. However, because the proposed reply brief was actually electronically filed before leave was granted (instead of being attached as an exhibit to the motion for leave, as it should have been, see this District's CM/ECF Administrative Procedures), the reply is already in the electronic record of this case. There is no need for the Clerk to file it again.

This is an employment case arising out of Defendant's failure to promote Plaintiff in October of 2003, allegedly violating a departmental policy or custom of promoting in rank order unless there is good cause not to promote. Defendants have asserted good cause as their explanation for the decision not to promote Plaintiff.

The discovery sought by Plaintiff and in dispute here involves two separate requests. The first request deals with information obtained by the Police Department in February of 2006, when the City of Bloomington obtained a "backup" of Plaintiff's work computer in connection with a disciplinary action against the Plaintiff. The second request deals with

the personnel and disciplinary files of another police officer who was also denied a promotion.

The scope of discovery is defined in Fed.R.Civ.P. 26, which provides in pertinent part that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

FED. R. CIV. P. 26(b)(1).

Plaintiff notes that there may be information in the computer backup that was originally created before the denial of promotion. Any information gleaned by the Defendant that pre-dates the date of denial of promotion could reasonably lead to admissible evidence; it must therefore be turned over.

Defendant correctly points out, however, the complete lack of relevance of evidence recovered from Plaintiff's computer that post-dates the denial of promotion in 2003; such information cannot possibly be relevant for examining whether there was good cause for the decision. Irrelevant data - which here means data created after the decision was made about the promotion in question - need not be produced.

Defendant also asserts that Plaintiff - who still works in the Department and who apparently still has this computer - already has access to the information in his own computer. Even assuming the truth of this assertion, this does not negate the Defendant's obligation to comply with a discovery request. Since Defendant already has obtained this material, no hardship should be involved in producing it to Plaintiff, and indeed no such hardship has been claimed.

With respect to Plaintiff's assertion of need to review the other police officer's confidential information, the request is denied. Plaintiff claims to need this information to see if "a comparable standard was utilized" in denying his promotion and in denying the other officer's promotion. To the Court's knowledge, there is no need to prove a "comparable standard," and Plaintiff has cited no law to support this contention. Either there was good cause or there was not good cause. Decisions made with respect to another officer are wholly irrelevant to that analysis.

There is another basis for denying this motion. A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." FED. R. CIV. P. 37(a)(2)(a). The Motion to Compel states that such an effort was made, but I disagree.

Plaintiff's attorney received Defendant's objections to the Requests to Produce on May 8, 2006. Plaintiff's attorney left one phone message for Defendant's attorney on May 9, 2006. Plaintiff's attorney filed the Motion to Compel on May 10, 2006, citing vacation plans as his reason for not conferring with Defendant's lawyer prior to filing this Motion. Leaving one voice mail for opposing counsel does not satisfy the Rule's requirement of making a good faith effort to confer and resolve the dispute before involving the Court. There has been no explanation for why the matter could not have waited for his return.

## Conclusion

Plaintiff is entitled to discover information as to why he was not promoted in 2003. This does not, however, extend to information, gathered from Plaintiff's computer in 2006,

that post-dates the denial of promotion, and it does not extend to confidential information about a non-party co-worker. Defendant is directed to produce any information from the backup that was originally created before the denial of Plaintiff's promotion (or a written denial that such information exists) within 14 days of the date of this Order. In all other respects, Plaintiff's Motion to Compel is denied for the reasons stated above.

ENTER this 5th day of June 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE